UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA BEAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CARL KUENZLI, MICHAEL MITCHEFF, and WEXFORD OF INDIANA, LLC,<br><br>    Defendants. | CAUSE NO. 3:20-CV-552-DRL-MGG |

## OPINION & ORDER

Joshua Bean, a prisoner without a lawyer, alleges he is being denied constitutionally adequate medical treatment for his "chronic, musculoskeletal ankle pain." ECF 1 at 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Bean alleges he was prescribed Ultram (tramadol) in January 2015 by Dr. Kaehr, an orthopedic specialist. He alleges tramadol adequately controlled his pain until

April 2018, when Medical Director Carl Kuenzli prevented him from receiving it even though other medications had not previously and have not subsequently controlled his pain.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Liberally construed, Mr. Bean has plausibly alleged Medical Director Carl Kuenzli was deliberately indifferent to his need for tramadol to treat his chronic, musculoskeletal ankle pain.

Mr. Bean alleges Medical Director Carl Kuenzli was replaced by Medical Director Michael Mitcheff in late July/early August 2018. He alleges Medical Director Mitcheff continues to prevent him from receiving tramadol though he has no other effective treatment for his pain. Liberally construed, Mr. Bean has plausibly alleged Medical

2

Director Michael Mitcheff was deliberately indifferent to his need for tramadol to treat his chronic, musculoskeletal ankle pain.

Mr. Bean alleges Medical Directors Kuenzli and Mitcheff prevented him from obtaining tramadol because of the Wexford of Indiana, LLC, policy and practice of not permitting tramadol from being purchased even when it is medically necessary because there is no effective, alternative treatment. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Accordingly, the complaint states a claim against Wexford of Indiana, LLC.

Mr. Bean alleges that when tramadol became unavailable, Dr. Nancy Marthakis met with him on April 6, 2018, changed his medication to Tylenol (acetaminophen), and ordered an x-ray. On April 18, 2018, he met with Dr. Marthakis and reported he was having increased pain. She changed his medication from acetaminophen to Mobic (meloxicam), a non-steroidal anti-inflammatory, and scheduled him for physical therapy. Mr. Bean met with Dr. Marthakis and APN Diane Thews on June 21, 2018, June 28, 2018, July 18, 2018, and October 11, 2018. Each time they changed his medication but were unable to successfully relieve his pain. He also met with a nurse and physical therapist several times without any relief. In December 2018, Dr. Marthakis and APN Thews denied his request for an outside consultation, but increased his acetaminophen dosage,

3

discontinued Pamelor (nortriptyline) because it had negative side effects, and prescribed Prednisone. In March, and again in April 2020, Dr. Marthakis ordered blood tests. In June 2020, Dr. Marthakis, after unsuccessfully trying several different medications, stopped his prescriptions.

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However,

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

Here, Mr. Bean alleges it was impossible for Dr. Marthakis or APN Thews to get tramadol for him even if they had prescribed it. Lacking that option, his allegations show they tried various options to alleviate his pain though the Eighth Amendment does not require prison doctors to keep an inmate pain-free. *See Snipes v. DeTella*, 95 F.3d 586, 592

4

(7th Cir. 1996). Other than tramadol, which they could not get, he gives no indication there were any options they did not try other than referring him for an orthopedic consultation in the hopes some other doctor would prescribe him tramadol which would nevertheless be impossible for them to obtain for him. As such, he has not plausibly alleged their actions were such a substantial departure from professional judgment, practice, or standards to demonstrate they were deliberately indifferent.

Mr. Bean is not proceeding *in forma pauperis*. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is Mr. Bean's obligation to serve Carl Kuenzli, Michael Mitcheff, and Wexford of Indiana, LLC, with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Joshua Bean leave to proceed against Carl Kuenzli in his individual capacity for compensatory and punitive damages for allegedly violating the Eighth Amendment from April until July/August 2018, by preventing him from obtaining tramadol even though it was the only effective medication to treat his pain;

(2) GRANTS Joshua Bean leave to proceed against Michael Mitcheff in his individual capacity for compensatory and punitive damages for allegedly violating the Eighth Amendment from July/August 2018 to present by preventing him from obtaining tramadol even though it is the only effective medication to treat his pain;

(3) GRANTS Joshua Bean leave to proceed against Wexford of Indiana, LLC, for compensatory and punitive damages for its policy and practice of allegedly violating the

Eighth Amendment by not permitting tramadol from being purchased even though it is medically necessary because there was and is no effective, alternative treatment;

(4) GRANTS Joshua Bean leave to proceed against Wexford of Indiana, LLC, for permanent injunctive relief to obtain tramadol if prescribed by a physician if it is medically necessary because there is no effective, alternative treatment;

(5) DISMISSES all other claims;

(6) DISMISSES Nancy Marthakis and Diane Thews; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Carl Kuenzli, Michael Mitcheff, and Wexford of Indiana, LLC, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 27, 2020              *s/ Damon R. Leichty*
                           Judge, United States District Court