UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA BEAN,

        Plaintiff,

    v.                                    CAUSE NO. 3:20-CV-552 DRL

CARL KUENZLI, MICHAEL
MITCHEFF, and WEXFORD OF
INDIANA, LLC,

        Defendants.

OPINION AND ORDER

Joshua Bean, a prisoner without a lawyer, is proceeding in this case on four claims: (1) against Carl Kuenzli in his individual capacity for compensatory and punitive damages for allegedly violating the Eighth Amendment by preventing his acquisition of tramadol, (2) against Michael Mitcheff in his individual capacity for the same, (3) against Wexford of Indiana, LLC, for compensatory and punitive damages for its policy and practice of allegedly violating the Eighth Amendment by not permitting tramadol from being purchased, though medically necessary, and (4) against Wexford for permanent injunctive relief to obtain tramadol if prescribed by a physician. The defendants filed a joint summary judgment motion. Mr. Bean filed a response, and the defendants filed a reply. The summary judgment motion is ripe.

FACTS

Mr. Bean has suffered from chronic ankle pain since 2012. ECF 100-1 at 5-6. In 2015, he was seen by an orthopedic surgeon, who recommended he try tramadol to manage

his ankle pain. ECF 95-2 at 2; ECF 100-1 at 2. Mr. Bean began taking tramadol around that time and remained on the medication for approximately two-and-a-half years. ECF 95-5 at 1; ECF 100-1 at 41.

On April 6, 2018, Mr. Bean saw Dr. Marthakis for his ankle pain. ECF 95-5 at 1-3. Dr. Marthakis noted an orthopedic specialist had previously recommended Mr. Bean be started on a trial of tramadol and he had been on the medication ever since. *Id.* at 1. Dr. Marthakis performed a physical examination of Mr. Bean and found his ankle to have a normal range of motion and normal gait. *Id.* at 2. After completing her examination, Dr. Marthakis requested approval to wean Mr. Bean off tramadol over one month. *Id.* at 2-3. She also prescribed him Tylenol and ordered an x-ray. *Id.* Dr. Kuenzli, Wexford's Regional Medical Director, approved Dr. Marthakis' request to wean Mr. Bean off tramadol. ECF 95-3 at 3.

The Indiana Department of Correction (IDOC) has a drug formulary, which Wexford must utilize. ECF 95-2 at 2; ECF 95-3 at 2. Tramadol is a non-formulary medication within the IDOC. *Id.* There are safety concerns in prescribing tramadol to patients, as it is an opioid-like drug that stimulates the same receptors and has addiction potential. *Id.* Thus, tramadol can be an effective pain medication but is not typically recommended as a long-term or chronic prescription, unless the patient has a significant abnormality and all other options are exhausted. *Id.*

On April 11, 2018, an x-ray of Mr. Bean's right ankle was performed, which found no acute injury. ECF 95-5 at 4. A week later, Dr. Marthakis saw Mr. Bean for a provider visit and went over the x-ray results with him. *Id.* at 5-6. Dr. Marthakis noted Mr. Bean

2

wanted only tramadol for his ankle pain, but she determined to wean Mr. Bean off tramadol and start him on Mobic. *Id.* Dr. Marthakis also continued Mr. Bean's order for Tylenol and recommended him for physical therapy. *Id.*

On June 21, 2018, Dr. Marthakis saw Mr. Bean for a chronic care visit. *Id.* at 8-10. Dr. Marthakis increased Mr. Bean's Mobic dosage, continued his Tylenol prescription, and added a low dose of Pamelor. *Id.* at 10. On July 18, 2018, Dr. Marthakis saw Mr. Bean and adjusted his dosage of Pamelor, continued his Tylenol prescription, and instructed that he continue to do ankle exercises as directed by his physical therapist. *Id.* at 12-14. On October 11, 2018, a nurse saw Mr. Bean for a chronic care visit and increased his Pamelor dosage at Dr. Marthakis' instruction. *Id.* at 15-17. On December 26, 2018, Mr. Bean saw Dr. Marthakis for a provider visit and requested to be taken off Pamelor. *Id.* at 21. Dr. Marthakis stopped Mr. Bean's Pamelor prescription, prescribed him Prednisone, and increased his Tylenol prescription. *Id.* at 21-23. On August 1, 2019, Dr. Marthakis saw Mr. Bean and ordered he receive a Toradol shot for his ankle pain. *Id.* at 24-26. Mr. Bean reported at this visit he had been discharged from physical therapy because he was able to complete his activities of daily living independently. *Id.* at 24.

On June 10, 2020, Dr. Marthakis saw Mr. Bean for a provider visit and ordered he receive another Toradol injection for his ankle pain. *Id.* at 30-32. Dr. Marthakis also demonstrated additional strengthening exercises Mr. Bean could perform in his housing unit, continued an order for Prednisone, and ordered another x-ray of his ankle. *Id.* The x-ray was taken later that day, and again found no acute injury. *Id.* at 33. Because neither party disputes these facts, the court accepts them as undisputed.

3

ANALYSIS

A.   *Dr. Carl Kuenzli.*

Mr. Bean is proceeding against Dr. Kuenzli "for allegedly violating the Eighth Amendment from April until July/August 2018, by preventing him from obtaining tramadol even though it was the only effective medication to treat his pain[.]" ECF 7 at 5. Dr. Kuenzli was employed by Wexford as the Regional Medical Director from April 2017 through June 2018. ECF 95-3 at 1. He became involved in Mr. Bean's care when he approved Dr. Marthakis' request to wean Mr. Bean off tramadol in April 2018.

The defendants argue summary judgment is warranted in favor of Dr. Kuenzli because his only involvement in this case was to approve Dr. Marthakis' request to wean Mr. Bean off tramadol, which was a decision based on the professional judgment of both Dr. Marthakis and Dr. Kuenzli. ECF 95 at 10. Mr. Bean responds Dr. Kuenzli "implemented and maintained" Wexford's unconstitutional policy or practice of denying any requests for tramadol and other non-formulary medications, which was the moving force behind his constitutional injury. ECF 100-1 at 23-24, 41.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment,

4

practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). When the defendants have provided some level of care for a prisoner's medical condition, to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Here, the medical records show Dr. Marthakis assessed Mr. Bean and requested to wean him off tramadol, and Dr. Kuenzli approved that request. Dr. Marthakis then treated Mr. Bean's ankle pain with Pamelor, Prednisone, Tylenol, Mobic, Toradol injections, and physical therapy. Dr. Kuenzli attests the decision to take Mr. Bean off tramadol was based not on the cost of the medication or the ease of providing it, but on his and Dr. Marthakis' professional opinions. ECF 95-3 at 2. Dr. Kuenzli explains that tramadol is not generally recommended to treat chronic conditions because it is a narcotic with the potential for addiction, diversion, and trafficking. *Id.* Dr. Kuenzli attests he believes Dr. Marthakis acted appropriately by pursuing alternative treatment methods

5

and he does not believe Mr. Bean requires ongoing controlled substance use to manage his chronic pain. *Id.* at 3. Thus, Dr. Kuenzli has provided evidence the decision to take Mr. Bean off tramadol and try alternative treatment methods was based on his professional judgment. Consequently, to survive summary judgment, Mr. Bean must present evidence that Dr. Kuenzli's decision represented "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [Dr. Kuenzli] did not base the decision on such a judgment." *Jackson*, 541 F.3d at 697.

Mr. Bean raises several arguments in this regard. First, Mr. Bean argues the decision to stop providing him tramadol constituted deliberate indifference because Dr. Marthakis replaced the tramadol with pain medications she knew would be ineffective. ECF 100-1 at 44-45. However, there is no evidence Dr. Marthakis or Dr. Kuenzli believed the alternative medications would be ineffective, as Dr. Marthakis changed Mr. Bean's medications and dosages on numerous occasions to attempt to provide him relief. Dr. Kuenzli attests Dr. Marthakis "appropriately attempted to find a level of pain relief that balanced Mr. Bean's complaints with the potential side effects of the medications, and the risks of abuse, diversion, and addiction," and Mr. Bean provides no evidence refuting this attestation. ECF 95-3 at 3.

Next, Mr. Bean argues the decision to stop providing him tramadol constituted deliberate indifference because it was contrary to the recommendation of his orthopedic specialist. ECF 100-1 at 11-12, 28-29, 43-45. However, the fact that an orthopedic specialist recommended in 2015 that Mr. Bean try tramadol does not demonstrate it was improper for Dr. Kuenzli to wean him off the medication in 2018. Mr. Bean also argues the

6

defendants were deliberately indifferent for denying his requests to see another orthopedic specialist. ECF 100-1 at 3-4, 11, 44-45. But Mr. Bean's request to see an orthopedic specialist amounts to a demand for specific care. *See Forbes*, 112 F.3d at 267. Mr. Bean responds he is not requesting specific treatment but is only requesting an effective treatment. ECF 100-1 at 44-45. But the medical records demonstrate Dr. Marthakis attempted various treatment methods, and Mr. Bean only ever requested that he see an orthopedic specialist and be placed back on tramadol. Mr. Bean's disagreement with the medical professionals regarding the appropriate treatment does not amount to an Eighth Amendment violation. *See Ciarpaglini*, 352 F.3d at 331.

In conclusion, Dr. Kuenzli has provided evidence that the decision to wean Mr. Bean off tramadol was based on his professional judgment, and Mr. Bean provides no evidence Dr. Kuenzli did not base the decision on such a judgment. Thus, no reasonable jury could conclude Dr. Kuenzli violated Mr. Bean's Eighth Amendment rights by approving Dr. Marthakis' request to wean Mr. Bean off tramadol. Summary judgment is warranted in favor of Dr. Kuenzli.

B.    *Dr. Michael Mitcheff.*

Mr. Bean is proceeding against Dr. Mitcheff "for allegedly violating the Eighth Amendment from July/August 2018 to present by preventing him from obtaining tramadol even though it is the only effective medication to treat his pain[.]" ECF 7 at 5. Dr. Mitcheff has been employed by Wexford as the Regional Medical Director since July 2018. ECF 95-2 at 1. The defendants argue summary judgment is warranted in favor of Dr. Mitcheff because he was not personally involved in Mr. Bean's claims. ECF 95 at 11.

Mr. Bean argues Dr. Mitcheff "implemented and maintained" Wexford's unconstitutional policy to deny non-formulary medications to prisoners, which was the moving force behind his injury. ECF 100-1 at 23-24. However, there is no evidence Dr. Mitcheff enforced any policy against Mr. Bean. Specifically, Dr. Mitcheff attests he does not recall, and Mr. Bean's medical records do not reflect, that Dr. Mitcheff ever denied any requests for tramadol for Mr. Bean from any treating physician. ECF 95-2 at 1. Mr. Bean's medical records indicate Dr. Marthakis requested Mr. Bean be weaned off tramadol in April 2018 and that request was approved by Dr. Kuenzli. There is no evidence any physician submitted a request for a tramadol prescription for Mr. Bean after Dr. Mitcheff took over as Wexford's Regional Medical Director in July 2018. Mr. Bean himself asserts "there are no records that indicate any such request for [tramadol] was made other than Dr. Marthakis' request the Plaintiff be weaned off it." ECF 100-1 at 14. Mr. Bean argues Dr. Mitcheff was aware of the issue because he wrote Dr. Mitcheff numerous letters requesting a change in his medication. ECF 100-1 at 29-30. However, there is no evidence Dr. Mitcheff was in a position to prescribe Mr. Bean tramadol in the absence of a request from his treating physician.

Thus, because there is no evidence Dr. Mitcheff enforced any policy against Mr. Bean or was personally involved in Mr. Bean's claims, summary judgment is warranted in his favor. Moreover, even if Dr. Mitcheff had been personally involved in Mr. Bean's claims, summary judgment is warranted in his favor because the decision to wean Mr. Bean off tramadol reflected professional judgment, as discussed above. Summary judgment is warranted in favor of Dr. Mitcheff.

C. *Wexford of Indiana.*

Mr. Bean is proceeding on two claims against Wexford. First, Mr. Bean is proceeding on a *Monell* claim against Wexford "for its policy and practice of allegedly violating the Eighth Amendment by not permitting tramadol from being purchased even though it is medically necessary because there was and is no effective, alternative treatment[.]" ECF 7 at 5-6. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The defendants argue summary judgment is warranted in favor of Wexford because (1) Mr. Bean has no evidence of any policies, practices, or procedures of Wexford that led to a violation of his constitutional rights, and (2) Mr. Bean received timely and thorough medical treatment and the decision to wean him off tramadol was based on Dr. Marthakis' independent examinations. ECF 95 at 12. Mr. Bean responds Dr. Marthakis' refusal to provide him with tramadol was not based on her professional judgment but was due to an unwritten policy and procedure of Wexford. ECF 100-1 at 3, 10-15, 28-35. Mr. Bean submits various news articles, affidavits from other inmates, and spreadsheets to show Wexford has engaged in a practice of reducing prescriptions for tramadol and other non-formulary medications since 2018. ECF 100-1 at 29-30; ECF 100-2; ECF 100-3.

A private company performing a state function, such as Wexford, can be held liable to the same extent as a municipal entity under *Monell*. *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). Under *Monell*, a municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell*, 436 U.S. at 694. To recover under *Monell*, a plaintiff must establish

9

that: (1) he suffered a deprivation of a federal right (2) as a result of an express municipal policy, a widespread custom, or a deliberate act of a decision-maker with final policymaking authority for the municipality that (3) was the proximate cause of his injury. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014). Thus, "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield Ill.*, 630 F.3d 499, 504 (7th Cir. 2010).

Here, even assuming Wexford has a policy of denying medically necessary non-formulary medications to inmates, no reasonable factfinder could conclude Mr. Bean suffered a deprivation of a federal right as a result of that policy. *See King*, 763 F.3d at 649; *Sallenger*, 630 F.3d at 504. Instead, the evidence shows Wexford's employees provided Mr. Bean with constitutionally adequate treatment and medication for his ankle pain. Specifically, the defendants have provided evidence Dr. Marthakis reasonably determined to wean Mr. Bean off tramadol and attempt various alternative treatment methods including Pamelor, Prednisone, Tylenol, Mobic, Toradol injections, and physical therapy. Similarly, there is no evidence Dr. Kuenzli or Dr. Mitcheff violated Mr. Bean's Eighth Amendment rights, as discussed above. Thus, because Wexford's employees provided Mr. Bean with constitutionally adequate care, no reasonable jury could conclude Wexford's policies caused Mr. Bean a constitutional injury. *See id.* Summary judgment is warranted in favor of Wexford on Mr. Bean's *Monell* claim.

Second, Mr. Bean is proceeding against Wexford "for permanent injunctive relief to obtain tramadol if prescribed by a physician if it is medically necessary because there is no effective, alternative treatment[.]" ECF 7 at 6. However, Mr. Bean has not shown he

is entitled to injunctive relief, as there is no evidence (1) Wexford has ever rejected any request from a physician that Mr. Bean be prescribed tramadol, or (2) any of Mr. Bean's current treating physicians has ever attempted to prescribe Mr. Bean tramadol. Thus, summary judgment is warranted in favor of Wexford on Mr. Bean's claim for injunctive relief.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 94); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Joshua Bean.

SO ORDERED.

October 29, 2021               *s/ Damon R. Leichty*
                               Judge, United States District Court